| JAMES L. CANNELLA, Judge.
The Plaintiff, the Greater New Orleans Expressway Commission (GNOEC), appeals from a judgment denying its Petition for Mandamus against the Defendants, Judges Rebecca Olivier and George Gia-cobbe of the First Parish Court for the Parish of Jefferson. This case comes to us on remand from the Louisiana Supreme Court. We dismiss the appeal and remand.
The GNOEC polices the Huey P. Long Bridge and operates, polices, and main *877 tains the Lake Pontchartrain Causeway Bridge. Pursuant to La. R.S. 32:57(G)(1), an additional five dollar cost is imposed on “any person who is found guilty, pleads guilty, or pleads nolo contendere to any motor vehicle offense when the citation was issued for a violation on the Huey P. Long Bridge or the Lake Pontchartrain Causeway Bridge or approaches to and from such bridges by police employed by the Greater New Orleans Expressway Commission.” R.S. 32:57(G)(2) requires that the proceeds generated by this additional cost be deposited first into the state treasury, then credited to a special fund that shall be used by the GNOEC to supplement the salaries of P.O.S.T. certified officers and |sfor the acquisition and upkeep of police equipment.[1] The Defendants have declined to collect the additional five dollar cost in cases arising in their jurisdiction on the ground that La. R.S. 32:57(G) is unconstitutional.
On December 6, 2001, the GNOEC filed a petition for writ of mandamus against the Defendants in their capacities as public officers, seeking the issuance of a writ of mandamus directing the judges to comply with the provisions of R.S. 32:57(G)(1). In their answer to the petition, the Defendants alleged that La. R.S. 32:57 is unconstitutional on several grounds. A hearing was held on February 19, 2002, during which the parties argued, inter alia, the standing of the Defendants to challenge the constitutionality of the statute, an essential element of the writ of mandamus is standing of the Defendants. On March 5, 2002, the trial judge denied the GNOEC’s petition for writ of mandamus. In written reasons for judgment, he found that the Defendants had sufficient interest to question the constitutionality of La. R.S. 32:57(G) (standing) and determined that La. R.S. 32:57(G) is unconstitutional on the grounds asserted by the Defendants.
The GNOEC appealed the district court’s judgment directly to the Louisiana Supreme Court, pursuant to La. Const, art. V, § 5(D).[2] The Supreme Court de- *878 dined to address the issues because it lacked jurisdiction because the judgment 1 rendered by the trial judge did not declare the statute unconstitutional. The declaration that the statute is unconstitutional is only in the written reasons for judgment. Because a judgment and reasons for judgment are two separate and distinct documents[3], and appeals are taken from only the judgment, not the written reasons for judgment, the Supreme Court found that the case was not properly before it. Greater New Orleans Expressway Com’n v. Olivier, 02-2795, p. 3 (La.11/18/03), 860 So.2d 22, 24. The Supreme Court then transferred the case to this Court.[4]
Although we have appellate jurisdiction over this case, because the trial court by judgment does not declare R.S. 32:57(G) unconstitutional, like the Supreme Court, we cannot rule on whether the trial judge erred in finding the statute unconstitutional. As the Supreme Court stated, appeals are taken from the judgment, not the reasons for judgment. Proeedurally then, the only matter properly before us is the denial of the petition for writ of mandamus. Nevertheless, because of the unique procedural posture of this case, justice dictates that we act to have the issue properly appealed.[5] Therefore, we conclude that the claim is still pending and the proeedurally correct resolution is to remand the case to the trial court for a determination of the unconstitutionality issue and to issue a modified judgment forthwith to include his decision into the judgment denying the writ of mandamus.[6]
IsAccordingly, we hereby dismiss the appeal and remand the ease to the trial court for a determination of the unconstitutionality issue and to issue a modified judgment forthwith, incorporating constitutionality into the judgment.
APPEAL DISMISSED, CASE REMANDED.

. La.R.S. 32:57(G) provides:
(1) Notwithstanding any provision of law to the contrary, any person who is found guilty, pleads guilty, or pleads nolo contendere to any motor vehicle offense when the citation was issued for a violation on the Huey P. Long Bridge or the Lake Pontchartrain Causeway Bridge or approaches to and from such bridges by police employed by the Greater New Orleans Expressway Commission shall pay an additional cost of five dollars. (2) All proceeds generated by this additional cost shall be deposited into the state treasury. After compliance with the requirements of Article VII, Section 9(B) of the Constitution of Louisiana relative to the Bond Security and Redemption Fund, and prior to monies being placed in the state general fund, an amount equal to that deposited as required in this Subsection shall be credited to a special fund hereby created in the state treasury to be known as the Greater New Orleans Expressway Commission Additional Cost Fund. The monies in this fund shall be appropriated by the legislature to the Greater New Orleans Expressway Commission and shall be used by the commission to supplement the salaries of P.O.S.T. certified officers and for the acquisition or upkeep of police equipment. All unex-pended and unencumbered monies in this fund at the end of the fiscal year shall remain in such fund. The monies in this fund shall be invested by the state treasurer in the same manner as monies in the state general fund and interest earned on the investment of monies shall be credited to this fund, again, following compliance with the requirements of Article VII, Section 9(B) of the Constitution, relative to the Bond Security and Redemption Fund. The monies appropriated by the legislature pursuant to this Paragraph shall not displace, replace, or supplant appropriations otherwise made from the general fund for the Greater New Orleans Expressway Commission.

. La. Const. art. V, § 5(D) provides, in pertinent part, that "a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional....”

. See: La. C.C.P. art.1918.

. Justice Weimer stated in his dissent that the remand to this Court leaves us "in the unenviable position of having to determine what disposition can be made of the case in its present posture, necessitating further delay in a matter that has been pending for quite some time.” Olivier, 02-2795 at 3, 860 So.2d at 27.

. Generally, when a judgment is silent as to a party's request, silence is construed as a denial of the claim. That is not the case here as reasons for judgment evidence otherwise.

. We note that we are empowered to do what is just, legal and proper upon the record on appeal. See: La.C.C.P. art. 2164.